UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-111-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RICKY ALLEN WALKER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court for consideration of the United States' motion for an evidentiary hearing. [Record No. 50] Specifically, the United States seeks to supplement the record on the pending motion to suppress in order to place into the record certain factual information to support its argument that the Defendant Ricky Walker lacks standing to object to eight grams of crack cocaine obtained from the person of co-Defendant Alanna Walker.

With regard to this issue, 28 U.S.C. § 636(b)(1) provides in relevant part, that

> [a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). In other words, this statutory provision authorizes a district court, in its discretion, to receive additional evidence on appeal from a magistrate judge's decision.[1] *See*

---

[1] The Defendant cites the Supreme Court's decision in *United States v. Raddatz*, 447 U.S. 667 (1980), in support of his position that the Court should deny the United States' request for an evidentiary hearing. In *Raddatz*, the Supreme Court explicitly stated that a district court has discretion to accept supplemental evidence but is not required to do so. *Id*. at 674.

*Freeman v. County of Bexar*, 142 F.3d 848 (5th Cir. 1998). In *Freeman*, the Fifth Circuit noted that, because the statute allows for a *de novo* review of those portions of the Magistrate Judge's report to which objection is made and explicitly provides that the district court "may receive further evidence or recommit the matter to the magistrate with instructions, Congress clearly intended "to maximize the district court's authority to review and reconsider the magistrate judge's decision on an objected-to finding or recommendation." *Id.* at 850-51; *see also Hynes v. Squillace*, 143 F.3d 653 (2nd Cir. 1998). In contrast, in *Koken v. Auburn Mfg., Inc.*, 341 F. Supp. 2d 20 (D. Me. 2004), the district court held that when a dispositive motion is heard before a United States magistrate judge, the movant must make all of its arguments before the magistrate judge and should not be allowed to add new arguments at later stages of the proceedings.

The present case is distinguishable from *Koken* because the United States is not seeking to re-open the proof to present a *new* argument. In fact, the United States raised the standing argument with the Magistrate Judge but did not offer evidence to support the argument.[2] However, after receiving the recommended disposition in which the Magistrate Judge noted that the "*factual* premise for this interesting argument does not exist in the record," the United States requested that it be allow supplement the record with evidence supporting its standing argument on the limited issue regarding the physical location of the eight grams of crack cocaine. [Record No. 44, p. 5] Notably, although the Magistrate Judge stated in his Report and Recommendation that "[t]he Court finds no basis for crediting the Government's claim, as a matter of fact," he did

---

[2] At the hearing before the Magistrate Judge on May 21, 2007, the United States indicated that it did not believe evidence would be necessary, inasmuch as the motion raised "a four corners issue."

indicate that Alanna Wallace's Plea Agreement provided that "during the execution [of the search warrant], '[s]he [Wallace] handed the officers a plastic bag which contained . . . crack cocaine.'" [Record No. 44, p. 5]  This information tends to support the United States' assertion that the eight grams of crack cocaine was obtained from the groin area of co-defendant Alanna Wallace.

The Court notes that the parties have agreed to a continue the trial of this matter and that there are no time constraints that would prevent consideration of this additional, limited proof and timely resolution of the standing issue.  Therefore, the Court will grant the United States to present evidence to support its argument that the Defendant lacks standing to object to the eight grams of cocaine listed on the warrant return.  To expedite this matter, the Court previously allowed the parties to present such evidence and they will be allowed to submit supplemental authority on the standing issue in accordance with the deadlines established during the June 19, 2007, pretrial conference. [Record No. 52].

Accordingly, it is hereby **ORDERED** that the United States' motion for an evidentiary hearing [Record No. 50] is **GRANTED**.

This 21st day of June, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge