UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-111-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RICKY ALLEN WALKER, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant Ricky Allen Walker's ("Walker") Motion to Suppress. [Record No. 38]  Having reviewed the relevant materials, including the parties' briefs, the testimony from the evidentiary hearing, and the findings and recommendation of the Magistrate Judge [Record No. 44], the Court will grant, in part, and deny, in part, the motion.

## I.   RELEVANT FACTS

On August 9, 2005, state authorities searched a residence in Perry County, Kentucky, under authority of a state search warrant.  At the time the authorities executed the warrant, they believed that Walker and another Defendant, Alanna Sue Wallace ("Wallace"), lived at the residence.  The search yielded eight grams of crack cocaine and small quantities of other controlled substances.  In addition, authorities seized cash, a digital scale and the personal identification papers of Walker and Wallace as a result of the search of the residence.

Walker and Wallace were indicted on several charges. Count 1 charges that the Defendants conspired to possess and distribute five or more grams of crack cocaine from July 2005 to August 9, 2005. The indictment also charged Walker with seven distinct crack cocaine distribution offenses.

On May 14, 2007, Walker filed a motion to suppress, claiming that the warrant application did not provide probable cause for issuance of the warrant. Moreover, Walker argued that no reasonable officer would have relied on the warrant. Pursuant to local practice and 28 U.S.C. § 636(b)(1)(B), the motion to suppress was referred to United States Magistrate Judge Robert E. Wier for a recommended disposition. Magistrate Judge Wier scheduled an evidentiary hearing for May 21, 2007, but the parties declined to present evidence on the motion. Instead, they indicated that the Court should resolve the motion based on the "four corners" of the warrant application. Specifically, the United States indicated that it did not "believe evidence would be necessary," inasmuch as the motion raised "a four corners issue." [*See* May 21, 2007, transcript at p. 2.]

Magistrate Judge Wier issued his Recommended Disposition on June 11, 2007, recommending that the Court grant the Defendant's motion to suppress. Specifically, the Magistrate Judge concluded that the warrant application did not provide probable cause for issuance of the warrant and that a "reasonable well-trained office would have known" that the material in the affidavit did not support probable cause to search the premises. [Record No. 44, p. 19] He further concluded no factual basis existed in the record to support the United States' standing argument.

The parties filed responses to the Magistrate Judge's recommendation, stating, in part, that they agreed with his determination that the warrant application did not provide probable cause for issuance of a warrant and that the *Leon* good faith exception did not apply in this case. [Record Nos. 45, 49]  Therefore, the Court finds that the parties have now conceded that the search of the residence was invalid and that the items seized, with the exception of the eight grams of crack cocaine, as a result of the search of the residence should be excluded from evidence. [Record Nos. 45, 49][1]

With respect to the eight grams of crack cocaine, the United States objected to the Magistrate Judge's recommendation, claiming that, although Walker had standing to object to the search of the residence, he did not have standing to object to the eight grams of crack cocaine obtained from Wallace. [Record No. 49]  The United States then requested that this Court allow supplementation of the record to present evidence on the limited issue regarding the physical location of the eight grams of crack cocaine. [Record No. 50]  The Court granted the motion for an evidentiary hearing and allowed the United States to place into the record factual information to support its standing argument.  [Record No. 53]

The United States presented the testimony of Detective Russell Dishner during the June 19, 2007, hearing.  Detective Dishner testified that approximately three hours prior to execution of the warrant, a confidential informant made a purchase of crack cocaine from the Perry County residence.  Dishner further stated that this undercover purchase was made from Wallace and that,

---

[1] Because the parties have not objected to the Magistrate Judge's conclusions that there was no probable cause in the affidavit for issuance of the warrant and that a reasonable officer would have been aware that the affidavit lacks probable cause, the Court will adopt the Magistrate Judge's findings on these issues.

at the time of these events, Walker was incarcerated in the Clay County Detention Center. Dishner testified that, while the warrant was being executed, he had a conversation with Wallace during which he advised her that he was aware that a recent drug purchase was made at her residence and that the officers had been informed there was additional crack cocaine there. He stated that after Wallace was advised that she would be transported to another location and searched by a female, she immediately removed eight grams of crack cocaine in a sock from her groin area and handed it to him.[2]

Following the June 19, 2007, hearing, the Court allowed the parties to file supplemental briefs on the issue of standing. The parties have now filed supplemental authority on the issue [Record Nos. 54, 55], and this matter stands ripe for review.

## II.   ANALYSIS

In order to have standing to contest the legality of a search and seizure, a defendant must establish that he or she had a "legitimate expectation of privacy" in the place searched or the property seized. *Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978). As the Supreme Court explained in *Rakas*, "Fourth Amendment rights are personal [and] may not be vicariously asserted." *Id.* at 134; *see also United States v. Salvucci*, 448 U.S. 83 (1980) (defendants may only claim the benefits of the exclusionary rule if their own Fourth Amendment rights have been violated). Thus, when a defendant is aggrieved by an illegal search of a third party's person or

---

[2]   The United States failed to offer evidence establishing the grounds for searching Wallace's person at the time the warrant was executed. However, the Court assumes, based on the record, that Wallace was subjected to search of her person because the warrant provided for a search of the residence in addition to "any and all persons located on the . . . property which may be there for the purpose of Trafficking in Controlled Substances." [Record No. 42, Search Warrant]  Moreover, the United States has failed to present evidence to support a finding that the search of her person was consensual.

property, the Fourth Amendment rights of that defendant have not been infringed. *Rakas*, 439 U.S. at 134-35.

As a general rule, the owner of a premises typically has a sufficient privacy interest in it to be able to challenge a search of the premises, even if he or she was not present at the time the search was conducted. *See Alderman v. United States*, 394 U.S. 165 (1969). Therefore, Walker has standing to challenge the search of his residence even though he was in jail and not present at the time the search was executed. However, the United States claims that, although the Defendant has a "constitutionally cognizable interest in the premises," he does not have standing to contest the seizure of the eight grams of cocaine inasmuch as it was obtained from the person of Alanna Walker.

"Legitimat[e] expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. One of the main rights attaching to property is the right to exclude others." *Rakas*, 439 U.S. at 143 n.12. Ownership, or at least the right to exclude others and to control access to the place searched, is an important feature of a legitimate privacy expectation. *United States v. Haydel*, 649 F.2d 1152, 1154-55 (5th Cir. 1981); *United States v. Freire*, 710 F.2d 1515, 1519 (11th Cir. 1983). Unlike a house, a hotel room, an automobile or a briefcase, one cannot acquire a right to exclude others from access to a third person. Notably, it is well-settled that there is no legitimate expectation of privacy in confidential communications to third persons not otherwise privileged:

> The risk of being . . . betrayed by an informer or deceived as to the identity of one with whom one deals is probably inherent in the conditions of human society. It is the kind of risk we necessarily assume whenever we speak.

*Hoffa v. United States*, 385 U.S. 293 (1966); *United States v. Yonn*, 702 F.2d 1341, 1347 (11th Cir. 1983). Under *Hoffa*, if Wallace were an informant who betrayed Walker and surrendered the cocaine to the government, Walker would not be able to exclude the cocaine from evidence on a theory that he had a legitimate expectation of privacy in contraband stowed in her "groin area." Instead, Walker would have assumed the risk of betrayal. Thus, because Walker cannot assert control Wallace, and cannot exclude access to her, he cannot assert a legitimate privacy interest in contraband hidden on her person. *See United States v. York*, 578 F.2d 1036, 1041 (5th Cir. 1978) (defendant has no reasonable expectation of privacy in his co-defendant's body cavities).

In *Rawlings v. Kentucky*, 448 U.S. 98 (1980), the Supreme Court held that a defendant had no legitimate privacy interest in drugs which he had placed in a companion's purse that was subsequently emptied at the instruction of the police. Because the defendant had not taken "normal precautions to maintain his privacy" in the course of the "sudden bailment" and could not exclude others from the purse, the Court declined to suppress the contraband seized pursuant to a defective warrant. *Id*. at 105

Here, although Walker has not asserted any ownership in the drugs seized from Wallace's person, he claims that his status as owner of the house created a privacy interest in the place searched sufficient to provide him standing to challenge the admissibility of the eight grams of crack cocaine surrendered by Wallace. However, as previously noted, a defendant must have

a legitimate expectation of privacy in the place searched in order to raise a challenge to the legality of the search. Walker did not have a legitimate expectation of privacy in Wallace's "groin area," regardless of his ownership of the house. *See United States v. Pickard*, 961 F.2d 211 (4th Cir. 1992) (unpublished) (citing *United States v. Manbeck*, 744 F.2d 360, 374 (4th Cir. 1984). As a result, the Court finds that Walker has no legitimate expectation of privacy to challenge the admissibility of the eight grams of crack cocaine in this case.

Finally, although not addressed by either of the parties, the Court notes that Walker does not have standing to contest the seizure of the eight grams of cocaine as a fruit of the improper search of the residence. This argument could have been raised by Wallace, inasmuch as she had a reasonable expectation of privacy in the residence that was subjected to an illegal search. Wallace could have invoked the Fourth Amendment constitutional protection against illegal entry into the premises and sought to suppress the evidence confiscated *from her person* as the "contaminated fruit of a poisonous tree." However, Walker cannot vicariously assert Wallace's Fourth Amendment rights.[3] *See Alderman*, 394 U.S. at 174 ("Fourth Amendment rights are personal which, like some other constitutional rights, may not be vicariously asserted.")

### III.   CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

1.    The Defendant's Motion to Suppress [Record No. 38] is **GRANTED**, in part, and **DENIED**, in part. The Defendant's motion to suppress is **GRANTED** to the extent it seeks to exclude the items seized from the Perry County residence. The motion to suppress is **DENIED**

---

[3]    Wallace has entered a guilty and has been sentenced in this action. Therefore, she is foreclosed from raising these issues *via* a motion to suppress.

to the extent it seeks to exclude the eight grams of crack cocaine seized from Alanna Sue Wallace.

     2.    United States Magistrate Judge Robert E. Wier's Recommended Disposition [Record No. 44] is **GRANTED**, in part, and **ADOPTED** and **INCORPORATED** herein by reference with respect to his determination that the warrant application did not provide probable cause for issuance of a warrant and that the *Leon* good faith exception did not apply in this case.

This 3rd day of July, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge