UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 06-111-DCR |
| | ) | Civil Action No. 6: 08-7047-DCR |
| V. | ) | |
| | ) | |
| RICKY ALLEN WALKER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

**I**.

After entering a guilty plea to trafficking in crack cocaine, Defendant Ricky Allen Walker was determined to be a career offender and sentenced to a term of imprisonment of 220 months to be followed by an eight-year term of supervised release. Walker's sentencing before the undersigned occurred on December 18, 2007. [Record Nos. 75, 76] Although Walker filed a direct appeal, the Sixth Circuit ultimately affirmed this Court's Judgment. [Record Nos. 94, 100]

While his direct appeal was pending, Walker also filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Through this petition, Walker argues that the Court erred by failing to reduce his sentence for time served for a violation of supervised release occurring in connection with a separate case. [Record No. 91] Consistent

-1-

with local practice, this motion was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).

Magistrate Judge Wier filed his Recommended Disposition on March 24, 2010. [Record No. 105] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Walker's motion be denied with prejudice and that this Court also deny a Certificate of Appealability. Walker submitted a letter in which he requests that the Court review his pleading filed March 18, 2010, which further outlines his request that time be credited against his sentence for time in custody back to August 2005.[1] [Record No. 107] Having considered Walker's letter/objections, the Court will deny the relief sought and adopt the Recommended Disposition filed by Magistrate Judge Wier.

## II.

Walker was sentenced to a term of imprisonment of 72 months on April 19, 1999, by Honorable Joseph M. Hood. *See United States v. Walker*, U.S. Dist. Ct., E.D. Ky., Pikeville Div., Criminal No. 7: 98-24-JMH. As part of the sentence imposed by Judge Hood, Walker was required to serve a term of supervised release of six years. On September 29, 2004, Judge Hood was notified that Walker had violated the conditions of his supervised release. Following a hearing, Walker was continued on supervision with drug treatment included as an additional condition of release. In November 2004, Walker again violated the conditions

---

[1] Through his recent filing, Walker attaches materials he has filed with the Bureau of Prisons concerning his attempt to receive credit against his federal sentence. He states that the only credit he has received was for the time spent in custody from August 2005 to February 2006 and that this time was applied against his sentence for violating supervised release. [Record No. 107]

of his release in Criminal No. 98-24-JMH. Despite Walker's stipulation to this violation, the Court did not revoke his release. Instead, the minute sheet of the hearing held on January 27, 2005, reflects that Walker was continued on the same terms and conditions previously imposed.

A third probation violation warrant was filed in the record of Criminal No. 98-24-JMH on February 14, 2005. However, as a result of the Defendant's intervening arrest by state authorities, a final hearing on this violation was not held until February 7, 2006. Based on a positive drug test, Walker stipulated to the supervised release violation and was sentenced to a term of imprisonment of 27 months with no additional term of supervision to follow.

While Walker was subject to supervised release in Criminal No. 98-24-JMH, he was selling crack cocaine from the residence of his co-Defendant, Alanna Wallace, during the period July 2005 through August 9, 2005. On August 9, 2005, a search warrant was executed at Walker's residence.[2] Police recovered drugs and drug proceeds during the search. On September 27, 2006, Walker was indicted for distributing and conspiring to distribute crack cocaine during the period July to August 2005. Walker appeared for arraignment on these charges on April 18, 2007. Thereafter, on May 9, 2007, Walker's attorney moved the Court

---

[2] Walker was in state custody at the time the federal search warrant was executed at the residence.

to re-open the detention hearing based on the fact that Walker had "completed the federal sentence upon which he was being held at the time of his arraignment . . ." [Record No. 34][3] Therefore, Walker was not held in federal custody on the current charges until his sentence on his supervised release violation was completed shortly before May 9, 2007.[4]

Walker was re-arraigned on the charge of conspiring to distribute five or more grams of crack cocaine on September 10, 2007. Based on the nature of Walker's prior convictions, he was sentenced as a career offender to a term of incarceration of 220 months with eight years of supervised release to follow. [Record No. 75] In imposing this sentence, the Court fully explained why Walker should serve a *minimum* of 220 months' incarceration for his continuing drug activity. As the Court explained,

> In looking at the criminal history of the defendant, there are some very serious offenses that been committed. But it is noteworthy to point out that, in particular, one federal conviction that appears in Paragraph – at Paragraph 61 of the presentence report. The defendant was convicted of possession with intent to distribute cocaine base – again, crack cocaine – back in 1998. And at that time, his guideline range – he was a career offender, and at that time his guideline range was 188 to 235 months.
>
> The Court eventually sentenced him to a term of 72 months, which was a substantial reduction from what he was facing at the time.

---

[3] Walker's motion for release was denied by Magistrate Judge Wier on May 15, 2007, based upon the Defendant's failure to rebut the presumption under 18 U.S.C. § 3142(e), and the Magistrate Judge's finding that detention would be warranted notwithstanding this failure. [Record No. 40]

[4] Walker concedes that he has already received credit for the period between the expiration of the supervised release revocation term and the imposition of sentence in the present case. [Record No. 92, pp. 4-6]

And it would appear that, based upon that reduction, that he should have learned his lesson at that time that further drug activity would not be tolerated by the Court, in federal court.

But of course, he has involved himself in that activity, and he's involved other individuals, one of which has already been before this Court, Mr. [sic] Wallace, a very unfortunate individual that was previously sentenced.

So this defendant has not been deterred from criminal conduct as a result of prior sentences that were imposed, again, by this Court, by another Judge of this Court.

So the Court is concerned that there is a need to impose a sentence that will provide sufficient deterrence for the defendant so that he understands that this type of conduct will not be tolerated.

The Court also believes that there's a need to impose a lengthy sentence to protect the public from future crimes of this defendant. And while he has apologized, the Court has to take that apology with a grain of salt, based on his criminal history.

* * *

Now, in this particular case, this Court for this conduct would impose, again, based upon the need for deterrence and the criminal history that's shown by this defendant, would typically impose a sentence of approximately 300 months for this conduct. So that would be the starting point.

And rather than depart, based upon cooperation, a number of levels from the guideline range, the Court is going to take into account two types of cooperation that have been provided and that were discussed at the bench.

* * *

The Court would ordinarily reduce a sentence in a case such as this [for cooperation with the government] by five years, but in this case I'm going to go down by 80 months, instead of 60 months. I'm going to reduce the sentence by an additional 20 months, based upon conduct that was provided – information that was provided by the defendant that was not passed on to [the] Court.

> Those are the factors that the Court has considered. The Court has considered all the other information provided in the report, and that has not caused the Court to go below that number based on the factors that I have just gone through.

[Record No. 84, pp. 8-11]

Walker appealed his sentence; however, the Sixth Circuit affirmed this Court's determination. [Record Nos. 79, 94, 100]

### III.

Though his current motion, Walker continues to seek a reduction of his sentence, arguing that he should receive credit or a departure for the time spent in custody beginning August 2005. As outlined by the Magistrate Judge's Recommended Disposition, Walker's argument centers on United States Sentencing Guideline ("USSG") §5K2.23. He also argues that his attorney was ineffective with respect to his Criminal History calculation. With respect to the first issue, the undersigned agrees with the Magistrate Judge's conclusion that not only has Walker procedurally defaulted, his claim also fails on the merits.

In his direct appeal, Walker did not raise an issue concerning improper application of USSG §5K2.23. And as Magistrate Judge Wier noted in his Recommended Disposition, a § 2255 motion cannot substitute for a direct appeal. To assert a claim not raised on direct appeal, a defendant must ordinarily show cause for the default and resulting prejudice. [Record No. 105, pp. 5-6] Additionally, "if claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available" subject to an analysis under *Strickland v. Washington*, 104 S.Ct. 2052 (1984).

Here, Walker did not raise any issue concerning application of USSG §5K2.23 before this Court at the time of sentencing or on appeal. Further, the Sixth Circuit examined Walker's sentencing as part of its overall review of the record and found no error. Likewise, when the issue of procedural default was raised by the United States in response to Walker's motion, the Defendant failed to respond with any showing of cause and prejudice. Under these circumstances, Walker has procedurally defaulted this claim. However, the Court also notes that USSG §5K2.23 would not have provided any relief to Walker even if the issue had been raised at the time of this original sentencing hearing. As the above-quoted portion of the transcript from the sentencing hearing clearly indicates, the Defendant received the *minimum* sentence under the circumstances.

Walker has also failed to establish that his attorney was ineffective under *Strickland*. In short, Walker has failed to demonstrate that his counsel was deficient or that he was prejudiced as a result. Instead, the undersigned agrees with the Magistrate Judge that Walker's counsel was quite effective in negotiating a plea agreement that resulted in an 80 month variance from what this Court would otherwise have imposed for similar conduct by an individual with the Defendant's criminal history.

Finally, the Court agrees that, under the circumstances presented, a Certificate of Appealability should not be issued. Walker has failed to demonstrate that reasonable jurist would find this Court's assessment of the constitutional claims raised by the Defendant debatable or wrong. *Slack v. McDaniels*, 120 S.Ct. 1595, 1604 (2000). None of the claims presented constitutes a close question involving a violation of the Constitution or federal law.

**IV.**

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in full agreement with the Magistrate Judge's Recommended Disposition. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 105] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant Walker's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 91], and his Motion for Nunc Pro Tunc Designation [Record No. 104] are **DENIED**, with prejudice.

3. Defendant Walker's objections [Record No. 107] to the Magistrate Judge's Recommended Disposition are **OVERRULED**.

4. A Certificate of Appealability shall not issue because Defendant Walker has not made a substantial showing of the denial of any substantive constitutional right;

5. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 8th day of April, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge