UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-111-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| RICKY ALLEN WALKER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Ricky Walker has filed a letter, docketed by the clerk as a motion, requesting the appointment of counsel. [Record No. 117] The Court will treat the letter as a motion to appoint counsel and a request for a sentence reduction pursuant to the First Step Act of 2018 ("2018 Act"). [*Id.*] After reviewing the record, the Court has determined that neither appointment of counsel nor relief under the 2018 Act is appropriate.

**I.**

It is necessary to review the history of Walker's conviction and sentence to determine whether a sentence reduction is appropriate. Walker pleaded guilty on October 13, 1998, to one count of possession with intent to distribute and distribution of cocaine base, and one count of being a felon in possession of a firearm. *See United States v. Walker*, U.S. Dist. Ct., E.D. Ky., Pikeville Div., Criminal No. 7:98-24-JMH. On April 19, 1999, Walker was sentenced on April 19, 1999, by United States District Judge Joseph M. Hood to a term of imprisonment of 72 months, to be followed by a 6-year term of supervised release. *See id*. Walker continually

violated the terms of his supervision, which eventually resulted in an indictment in the present case for distributing and conspiring to distribute cocaine base.

Walker pleaded guilty on September 10, 2007, to conspiracy to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846. [Record No 63]  Pursuant to the United States Sentencing Guidelines ("U.S.S.G."), Walker was assigned a base offense level of 26 based upon the amount of cocaine base, cocaine, and marijuana attributed to him.  U.S.S.G. § 2D1.1.  His offense level, however, was increased to 37 because he was properly classified as a career offender within the meaning of U.S.S.G. § 4B1.1 and the statutory maximum for the offense was life.  A three-level adjustment was applied for acceptance of responsibility, resulting in a total offense level of 34.  And because Walker was a career offender, he was placed in Criminal History Category VI for purposes of calculating his guideline range of imprisonment.  U.S.S.G. § 4B1.1.  Walker's total offense level of 34, combined with a Criminal History Category VI, produced a guidelines range of 262 to 327 months' imprisonment.  Walker was ultimately sentenced to a term of imprisonment of 220 months followed by a term of supervised release of 8 years.  [Record No. 76]

In imposing the sentence, the Court provided an extensive explanation regarding why Walker should serve a *minimum* of 220 months incarceration for his continuing drug activity. As the Court explained:

> In looking at the criminal history of the defendant, there are some very serious offenses that have been committed.  But it is noteworthy to point out that, in particular, one federal conviction that appears in Paragraph – at Paragraph 61 of the presentence report.  The defendant was convicted of possession with intent to distribute cocaine base – again, crack cocaine – back in 1998.  And at that time, his guideline range – he was a career offender, and at that time his guideline range was 188 to 235 months.

> The Court eventually sentenced him to a term of 72 months, which was a substantial reduction from what he was facing at the time.
>
> And it would appear that, based upon that reduction, that he should have learned his lesson at that time that further drug activity would not be tolerated by the Court, in federal court.
>
> But of course, he has involved himself in that activity, and he's involved other individuals, one of which has already been before this Court, Mr. [sic] Wallace, a very unfortunate individual [who] was previously sentenced.
>
> So this defendant has not been deterred from criminal conduct as a result of prior sentences that were imposed, again, by this Court, by another Judge of this Court.
>
> [] the Court is concerned that there is a need to impose a sentence that will provide sufficient deterrence for the defendant so that he understands that this type of conduct will not be tolerated.
>
> The Court also believes that there's a need to impose a lengthy sentence to protect the public from future crimes of this defendant. And while he has apologized, the Court has to take that apology with a grain of salt, based on his criminal history.

[Record No. 84, pp. 8-9] The Court also explained that it would typically impose a sentence of 300 months for this conduct, so that was the starting point. Further, "[t]he Court would ordinarily reduce a sentence in a case such as this by five years, but in this case I'm going to go down by 80 months, instead of 60 months." [*Id*. at 10.] The Court determined that reducing the sentence by an additional 20 months was appropriate based upon the information provided by the defendant.

## II.

In evaluating requests for sentencing reductions under the 2018 Act, the Court looks to the provisions of 18 U.S.C. § 3582(c)(2), in determining: (i) the substantive factors to be considered and (ii) whether counsel should be appointed in connection with reduction requests. Once a sentence is imposed by a district court, it has limited authority to modify that sentence.

However, a sentence may be modified "to the extent . . . expressly permitted by statute . . ." and "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c).

The Fair Sentencing Act of 2010 ("FSA") was enacted to "restore fairness to Federal cocaine sentencing" and lessen the difference between defendants convicted of crimes involving cocaine base versus powder cocaine. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). The FSA amended 21 U.S.C. § 841 by increasing the amount of cocaine base needed to trigger the mandatory minimum sentences provided by the statute. *Id*. Prior to the FSA, a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(B) was triggered by violations involving 5 grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(b)(1)(B) (Effective until: Aug. 2, 2010). The FSA increased the amount needed to trigger that mandatory minimum to 28 grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(b)(1)(B) (Effective: Aug. 3, 2010).

After the FSA was enacted, any violation involving less than 28 grams did not result in a mandatory minimum sentence. Instead, there is only a statutory maximum penalty. The statutory maximum penalty is not more than 20 years imprisonment, but "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years." 21 U.S.C. § 841(b)(1)(C). The FSA did not previously apply retroactively to defendants who were sentenced before the FSA was enacted. *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260 (2012)).

The 2018 Act made the FSA retroactive. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). As relevant here, section 404 of the 2018 Act states that, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id*. § 404(a). Accordingly, the Court must initially determine whether a defendant is eligible under the 2018 Act, and then may, but is not required, to reduce the sentence of an eligible defendant.

i.  **Eligibility for a Reduction**

A defendant may be eligible for a sentence reduction under the 2018 Act if he or she was sentenced for a "covered offense". A "covered offense means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), Stat. 5194 (2018). Walker appears to be eligible under the 2018 Act because the offense was committed before August 3, 2010, he was previously subject to the enhanced statutory penalties under 21 U.S.C. § 841(b)(1)(B), and those statutory penalties were modified by section 2 of the FSA. Additionally, Walker has not made a previous motion under the 2018 Act to reduce his sentence, and his sentence has not previously been reduced.

Further, a defendant is eligible for a sentence reduction if it is expressly permitted by statute. 18 U.S.C. § 3582. The 2018 Act expressly makes the FSA retroactive and permits sentence reductions for covered offenses. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018).

### ii. The Appropriateness of a Reduction

While a defendant may be eligible for a reduction under Section 404 of the 2018 Act, "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Pub. L. No. 115-391, 132 Stat. 5194 (2018). Accordingly, the Court has discretion regarding whether a reduction is appropriate and must weigh the 18 U.S.C. § 3553(a) factors in making this decision. Therefore, to determine whether a sentence reduction is appropriate, the Court examines Walker's initial sentence in conjunction with the 18 U.S.C. § 3553(a) factors.

Walker was properly classified as a career offender because he was at least 18 years old at the time he committed the offense in issue, the offense is a felony controlled substance offense, and he has two prior felony convictions for controlled substance offenses. Walker's previous convictions of trafficking controlled substance 1st degree and possession with intent to distribute and distribution of cocaine base qualify because they are offenses under state or federal law punishable by imprisonment for a term greater than one year. Further, they prohibit the manufacture, import, export, distribution, or dispensing of a controlled substance. Therefore, the classification of career offender is appropriate for Walker

Additionally, the guideline provisions increase the offense level for career offenders based on the statutory maximum of the offense. U.S.S.G. § 4B1.1. If the present offense occurs after a previous conviction for a serious drug felony has become final, 21 U.S.C. § 841(b)(1)(C) provides for a statutory maximum of 30 years imprisonment. As previously explained, the present offense occurred while Walker was subject to supervised release following a conviction for possession with intent to distribute and distribution of cocaine base which qualifies as a felony drug offense under 21 U.S.C. § 802(44). Accordingly, if the FSA

was enacted at the time of his sentencing, the statutory maximum would have been 30 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). Because Walker is a career offender and the new statutory maximum is 30 years, his offense level would be 34. *See* U.S.S.G. § 4B1.1. Applying the three-level reduction for acceptance of responsibility, his total offense level would be 31. Walker's total offense level of 31 and his criminal history category of Category VI would create a new guidelines range of 188 to 235 months.

Walker provided substantial assistance to the United States, leading to a downward departure from the previous guidelines range and resulting in a term of incarceration of 220 months being imposed by the Court. This term of imprisonment is within the new guidelines range of 188 to 235 months and is below the statutory maximum provided by 21 U.S.C. § 841(b)(1)(C). And although Walker provided substantial assistance leading to a downward departure, a further reduction of his sentence would not be appropriate. The Court previously explained why Walker should serve a *minimum* of 220 months incarceration and the Court will not deviate from its prior explanation. [Record Nos. 84, 108] The rationale has not changed with the passage of time.

An analysis of the 18 U.S.C. § 3553(a) factors supports the conclusion that a sentence reduction is not appropriate here. As previously noted, Walker was on supervised release following a conviction for possession with intent to distribute cocaine base when the instant offense occurred. His previous conviction for a similar offense indicates the earlier term of imprisonment did not deterred him from additional criminal conduct. Accordingly, there is a need for the Court to maintain the lengthy sentence previously imposed to provide specific deterrence for Walker. Additionally, a sentence of 220 months appropriately protects the public from potential, future crimes of Walker.

**III.**

There is no constitutional right to counsel in proceedings filed under 18 U.S.C. § 3582. *See United States v. Bruner*, No. 5:14-cr-05-KKC, 2017 WL 1060434, at *2 (E.D. Ky. Mar. 21, 2017) ("Courts have considered whether defendants are entitled to counsel as a right when filing under 18 U.S.C. § 3582(c)(2) [and 18 U.S.C. § 3582(c)(1)], and have found that no such constitutional right exists") (citing *United States v. Huffman*, No. 6:08-34-DCR, 2015 WL 3619902, at *1 n. 1 (E.D. Ky. June 9, 2015)). Accordingly, the Court has discretion to determine whether appointing counsel is appropriate in the present case. And here, the appointment of counsel is ultimately unnecessary because a sentence reduction is not appropriate.

**IV.**

For the reasons outlined above, it is hereby

**ORDERED** that Defendant Ricky Walker's request for appointment of counsel and for relief under the First Step Act of 2018 [Record No. 117] is **DENIED**.

Dated: July 18, 2019.

Signed By:
*Danny C. Reeves*
United States District Judge