UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) V. ) ) RICKY ALLEN WALKER, ) ) Defendant. ) | Criminal Action No. 6: 06-111-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Ricky Walker pleaded guilty to conspiring to possess with intent to distribute 5 grams or more of cocaine base (crack cocaine). [Record No. 74] He was sentenced in December 2007 to a 220-month term of imprisonment, followed by an 8-year term of supervised release. [Record No. 76] Walker has now filed a motion for a sentence reduction under the First Step Act of 2018 (the "2018 Act"). [Record No. 125] While the United States acknowledges that Walker is eligible for a sentence reduction, it urges the Court to deny the motion.[1] [Record No. 130] Walker replied, asserting prosecutorial vindictiveness and again addressing relevant factors that the Court should consider in resolving the requested

---

[1] The United States maintains that the Court should not alter a previous Memorandum Opinion and Order denying appointment of counsel and relief under the 2018 Act. [Record No. 119] That Memorandum Opinion and Order responded to a letter from Walker. [Record No. 117] Because Walker's letter cannot be construed as a motion for relief under the 2018 Act, the pending motion is the first and only motion for a sentence reduction and warrants a separate analysis. *See United States v. Maxwell*, 800 F. App'x 373, 376 (6th Cir. 2020).

relief. [Record No. 131] After careful review, the Court concludes that it is appropriate to grant Walker a 20-month reduction to his sentence pursuant to the 2018 Act.

I.

The 2007 version of the United States Sentencing Guidelines was used to determine Walker's advisory guideline range at the time of his sentencing hearing. Walker's initial offense level was 26, based on the cocaine base, cocaine, and marijuana with a total marijuana equivalency of 134.989 kilograms attributed to him. *See* U.S.S.G. § 2D1.1(c)(7) (2007). Additionally, he received a two-level increase for his role in the offense. *See* U.S.S.G. § 3B1.1(c) (2007). But because Walker was classified as a career offender, his statutory maximum sentence was life, and his offense level increased to 37. *See* U.S.S.G. § 4B1.1 (2007). Walker also received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 34. *See* U.S.S.G. § 3E1.1 (2007). Based on previous criminal convictions, Walker was assessed nine criminal history points. Two additional points were added because the offense was committed while he was subject to supervised release. *See* U.S.S.G. § 4A1.1(d) (2007). However, as a career offender, Walker's criminal history category was adjusted to VI. *See* U.S.S.G. § 4B1.1 (2007).

With a total offense level of 34 and a criminal history category of VI, Walker's guideline range for imprisonment was determined to be 262 to 327 months. The Court noted during the sentencing hearing that it would typically impose a 300-month term of imprisonment based on the facts presented. [Record No. 84, p. 10] However, a 60-month reduction was determined to be appropriate based on the circumstances of Walker's case. And, for reasons discussed at the bench during sentencing, the Court elected to reduce the term by

an additional 20 months, resulting in a total term of imprisonment of 220 months. [Record No. 76] Thus, following the Supreme Court's Booker decision, this term of incarceration, together with an eight-year term of supervised release, was sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

## II.

This Court looks to 18 U.S.C. § 3582(c) in evaluating motions for sentence reductions under the 2018 Act. District courts have limited authority to modify a previously imposed sentence, but a sentence may be modified "to the extent . . . expressly permitted by statute" and where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c).

The Fair Sentencing Act of 2010 ("FSA") amended 21 U.S.C. § 841 by increasing the amount of cocaine base needed to trigger a mandatory minimum sentence. Pub. L. No. 111-220, 124 Stat. 2372. Prior to the FSA's enactment, violations involving 5 grams or more of a mixture or substance containing cocaine base triggered a mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(B) (Effective until: Aug. 2, 2010). However, the FSA increased the amount needed to trigger that mandatory minimum to 28 grams or more of a mixture or substance containing cocaine base. 21 U.S.C. § 841(b)(1)(B) (Effective: Aug. 3, 2010).

After the FSA's enactment, violations involving less than 28 grams do not result in a mandatory minimum sentence. Instead, there is only a statutory maximum penalty of 20 years imprisonment or—"[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final"—30 years imprisonment. 21 U.S.C. § 841(b)(1)(C).

Initially, the FSA did not apply retroactively to defendants who were sentenced prior to its enactment. *United States v. Tillman*, 511 F. App'x 519, 521 (6th Cir. 2013) (citing *Dorsey v. United States*, 567 U.S. 260, 281 (2012)).

The 2018 Act allowed the FSA to be applied retroactively. *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). It states that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* at § 404(b). Accordingly, the Court must first determine whether Walker is eligible for a reduction under the 2018 Act and then may, in its discretion, reduce his sentence.

### i. Eligibility for a Reduction

Section 404 of the 2018 Act limits eligibility for relief to those defendants who were sentenced for a "covered offense" prior to the enactment of the FSA if the sentence was not "previously imposed or previously reduced in accordance with" the FSA and a prior motion under the 2018 Act has not be "denied after a complete review on the merits." Pub L. No. 115-391, § 404(c), 132 Stat. 5194 (2018). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified" by the FSA. *Id.* at § 404(a). Walker's offense was committed before August 3, 2010, his sentence has not been previously reduced, and he has not made a previous motion under the 2018 Act. Accordingly, he is eligible for resentencing. *Id.* at § 404; *see also United States v. Beamus*, 943 F.3d 789, 791 (6th Cir. 2019). Further, he is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(B), as the

2018 Act expressly makes the FSA retroactive and permits a sentence reduction for covered offenses. *See* Pub. L. No 115-391, § 404.

### ii. Appropriateness of a Reduction

While Walker is eligible for a reduction under Section 404 of the 2018 Act, Congress specifically provided that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Pub. L. No. 115-391, § 404(c), 132 Stat. 5194 (2018). Accordingly, the Court has discretion regarding whether a sentence reduction is appropriate. In making this determination, the Court may "consider all relevant factors," including 18 U.S.C. § 3553(a), the amended guidelines range, and relevant post-sentencing conduct. *United States v. Allen*, 956 F.3d 355, 357 (6th Cir. 2020); *see also United States v. Foreman*, 958 F.3d 506, 513-14 (6th Cir. 2020). At bottom, however, the sentence still must be "sufficient but not greater than necessary to achieve the purposes of sentencing." *United States v. Flowers*, 963 F.3d 492, 498 (6th Cir. 2020).

Walker asks the Court to disregard the government's opposition, invoking the doctrine of prosecutorial vindictiveness. [Record No. 125, pp. 3-7] This doctrine, rooted in due process, protects a defendant from punishment for the exercise of a protected right. *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005) (citing *United States v. Goodwin*, 457 U.S. 368, 372 (1982)). In determining whether Walker has shown a presumption of vindictiveness, the Court must assess "(1) the prosecutor's 'stake' in preventing assertion of the protected right and (2) the reasonableness of the prosecutor's actions." *Id.* at 776 (citing *United States v. Andrews*, 633 F.2d 449, 454 (6th Cir. 1980)). A prosecutor's request of an identical sentence, based on identical relevant facts, is not unreasonable. *See United States v. McMichael*, 525 F.

App'x 388, 393 (6th Cir. 2013). Where a prosecutorial action is reasonable, it is unnecessary to analyze the prosecutor's "stake." *Id.* Because Walker cannot demonstrate prosecutorial vindictiveness, the Court will not consider it in assessing his motion for a reduced sentence. He is simply wrong in making this assertion.

The Court must first recalculate Walker's sentencing guidelines range using the 2018 version of the United States Sentencing Guidelines. Based on a converted drug weight of 134.989 kilograms to him, Walker's base offense level would be 24. *See* U.S.S.G. § 2D1.1(c)(7) (2018). A two-level increase for his role in the violation remains the same. *See* U.S.S.G. § 3B1.1(c) (2018). However, because Walker remains a career offender, and the statutory maximum of his offense is now 30 years, the offense level becomes 34. *See* U.S.S.G. § 4B1.1(b) (2018). A three-level reduction for acceptance of responsibility reduces the total offense level to 31. *See* U.S.S.G. § 3E1.1(b) (2018). Considered with his criminal history category of VI, Walker's amended guidelines range becomes 188 to 235 months' imprisonment.

After review of Walker's history, the parties' briefs, and the § 3553(a) factors, the Court determines that, while a substantial sentence imposed is supported by the record, a sentence reduction is appropriate. Walker's crime was a serious one, and it was committed while on supervised release from a separate federal drug and firearm offense. Further, his criminal history includes 13 separate criminal convictions prior to his offense of conviction. While his work and education records in prison are commendable, they must be considered alongside a prison disciplinary record that includes two drug/alcohol violations. But Walker is now 56 years old, which suggests a lower risk of recidivism. The Court will also maintain an 8-year

term of supervised release, which will hopefully reduce Walker's likelihood of reoffending and protect the public from further crimes.  However, statistical information published by the United States Sentencing Commission would indicate that his risk of recidivism is significant. *See Recidivism Among Federal Offenders: A Comprehensive Overview (March 2016), p. 18-19 (discussing rearrest rates based on criminal history points and Criminal History Category of offenders).*

The Court also notes that Walker received a large sentence reduction of 80 months from the proposed 300-month term at his initial sentencing based on assistance provided.  Where a defendant receives a below-guidelines sentence due to substantial assistance provided, "a reduction comparably less than the amended guideline range . . . *may* be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (2018) (emphasis added); *see also United States v. Brown*, No. 3: 08-cr-020-DCR, 2019 WL 2167699, at *3 (E.D. Ky. May 17, 2019).  Weighed against the seriousness of Walker's offense and his post-sentencing conduct, a comparable below-guidelines sentence is not appropriate here.  *See Foreman*, 958 F.3d at 513 (stating that the 2018 Act does not make U.S.S.G. policy statements binding on sentencing courts).  But Walker's substantial assistance, viewed alongside the § 3553(a) factors, weigh in favor of a sentence reduction. Accordingly, a reduced sentence of 200 months imprisonment (a reduction of 20 months from the term previously imposed), followed by an 8-year term of supervised release.  The Court concludes that such a reduced term is minimally sufficient, but certainly not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to the defendant, and protect the public.

## III.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1. Defendant Ricky Walker's motion for a sentence reduction pursuant to the First Step Act of 2018 [Record No. 125] is **GRANTED**.

2. The Defendant's sentence is reduced to a term of 200 months imprisonment, followed by a term of 8 years supervised release. The sentence previously announced, including all terms and conditions of supervised release, shall otherwise remain unchanged.

3. A copy of this Order shall be forwarded to the United States Probation Office and counsel of record.

4. An Amended Judgment shall be entered forthwith.

Dated: August 20, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky